IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROSELAND VILLAGE, LLC, *et al.*, | ) | Chapter 11 |
| | ) | Case No. 11-30223-KRH |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OPPOSITION TO MOTION TO RESCHEDULE CONFORMATION HEARING AND RESET CERTAIN DEADLINES RELATED THERETO**

Debtors, Roseland Village, LLC and G.B.S. Holding, Ltd., by counsel, state the following as their opposition to the Motion to Reschedule Confirmation Hearing and Reset certain Deadlines Related Thereto ("Motion") filed by Miller & Smith Advisory Group, LLC ("M&S"):

**Summary of Opposition**

Having received virtually no support for its plan, M&S seeks to delay the confirmation hearing to give it another "bite at the apple". Both of these cases have been pending for over two years during which time the debtors have worked diligently to propose a plan that has the widest possible support and that complies with the requirements of the Bankruptcy Code. Further, M&S has been involved in the case for at least ten months and has had ample time to garner support for its plan. The amendments made by the debtors to their plan are permissible and do not warrant extending the deadline.

**Opposition**

<u>The debtors' modifications do not warrant a continuance.</u>

On October 3, 2013, the debtors filed their Third Amended Plan in which they provided for a $500,000 line of credit from a third party, proposed conveying certain parcels to secured lenders with little or no equity, and removed timbering provisions as to parcels with little or no equity. These changes were the result of discussions with secured lenders to address concerns with the debtors' Second Amended Plan. Most of the creditors anticipated the filing and none were adversely affected by the amendments.

Rule 3019 of the Federal Rules of Bankruptcy Procedure permits a proponent to file a modification of its plan before confirmation. As long as the Court does not find that the modifications have adversely impacted creditors, the plan is deemed accepted as to entities previously accepting the plan. Because no party has been adversely impacted by the modifications, all entities having accepted the debtors' plan should be deemed to have accepted the modifications. At the time of the confirmation hearing, the creditors will have had a week to consider the Third Amended Plan and can voice any concerns at that time and request a new round of balloting.

<u>The debtors' plan is confirmable.</u>

Contrary to M&S' assertion that neither plan is confirmable, the debtors believe that their Third Amended Plan is confirmable. Certainly, neither proponent will be able to offer a consensual plan at the confirmation hearing. However, 11 U.S.C. § 1129(b) permits the court to "cram down" a plan if there is one impaired class voting for the plan and all requirements of § 1129(a) are met with exception of (a)(8). The debtors currently have three impaired classes

voting for its plan, including one secured creditor.  Other impaired classes have indicated they may modify their votes to accept the debtors' plan upon further consideration of the Third Amended Plan.  Further, the debtors are prepared to adduce evidence of their plan's compliance with all remaining elements of § 1129(a).  Accordingly, regardless of any additional votes, the debtors believe they have proposed a confirmable plan.

## Conclusion

The debtors request that the Court deny the Motion and proceed to the confirmation hearing on October 10.

                            ROSELAND VILLAGE, LLC
                            and
                            GBS HOLDING, LTD.

                            By_____/s/ Kevin J. Funk_____
                                Counsel

Bruce E. Arkema (VSB No. 18625)
      barkema@durrettecrump.com
Kevin J. Funk (VSB No. 65465)
      kfunk@durrettecrump.com
DurretteCrump PLC
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2013, a true and correct copy of the foregoing Response was served, through the Court's ECF system on the following:

    Lawrence A. Katz
    lkatz@ltblaw.com

                                  /s/ Kevin J. Funk